### THE ST. LOUIS NAT. BK. *v.* BRINKMAN.

*(Circuit Court, D. Kansas.* January **7,** 1880.)

NATIONAL BANKS—JURISDICTION.—National banks are not authorized to institute suits in the federal courts out of the districts where they are established, when the amount in controversy does not exceed $500.

*Sterry & Sedgwick,* for plaintiff.
*Gardiner Lathrop,* for defendant.

FOSTER, J.    The plaintiff is a national bank, duly organized under the act of congress of June 3, 1864, (13 U. S. St. 99,) and is established and doing business at the city of St. Louis, state of Missouri. It brings this action against the defendant, who is a citizen of the state of Kansas, to recover the sum of $138.51, with interest from August 10, 1878, at 10 per cent. per annum, for so much money collected by defendant for the use and benefit of plaintiff.

The defendant maintains that the plaintiff, being a national bank established out of this judicial district, this court has no jurisdiction.

The question is one upon which I have found no adjudicated case, and we have to look to the several acts of congress to determine the point at issue.

Involving, as it does, the right of national banks to sue in the federal courts out of the district in which they are established, the question presented is an interesting one. The amount in controversy in this case being less than $500, that alone would defeat the jurisdiction, unless there is some law authorizing national banks to sue in the federal courts out of the district where they are established, and without regard to the sum in controversy.

Section 59 of the act of 1863, commonly known as the "Currency Act," (12 U. S. St. 681,) reads as follows:

"That suits, actions and proceedings, by and against any association under this act, may be had in any circuit, district or territorial court of the United States, *held within the district in which such association may be established.*"

The act of June 3, 1864, (13 U. S. St. 116, § 57,) re-enacts this section, omitting the words "by and," so it in terms only authorized proceedings in said courts against such associations and not by them. But the supreme court, in *Kennedy* v. *Gibson*, 8 Wall. 506, held that the omission of those words was accidental and not intentional, so the law remained in that respect as it was originally enacted. When the revision of the United States Statutes was had, this section was dropped from the currency act, title, "National Banks," and was placed under the title "Judiciary," and there reads as follows:

"The circuit courts shall have original jurisdiction as follows:

\*        \*        \*        \*        \*        \*        \*

"*Tenth.* Of all suits by or against any banking association, *established in the district for which the court is held,* under any law providing for national banking associations." U. S. Rev. St. 110, 111.

It will be seen that this provision is in substance the same as that contained in the currency acts before mentioned, and very clearly limits the jurisdiction to suits by or against *banking associations established in the district where the court is held,* and that jurisdiction in no way depends upon the amount in controversy.

There is but one other provision of the law touching this question, and that is found in the Rev. St. (2d Ed.) 993, under the title "National Banks," and among the enumerated powers conferred on these banks is the following: "To sue and be sued, complain and defend, in *any* court of law and equity *as fully as natural persons.*" This provision is copied *verbatim* from the currency acts of 1863 and 1864.

There is nothing in this enactment conferring any special jurisdiction on the federal courts in cases where national banks are parties; but these banks are placed on an equal footing with natural persons in all courts of law and equity.

Now in the case of natural persons the citizenship of the parties and the amount in controversy in actions of this nature are both material, and are the controlling elements to jurisdiction in this court.

I need not decide or discuss the question whether a national bank organized under the law of congress and established in the state of Missouri is a citizen of that state under the rule recognizing corporations organized under the laws of a state as citizens of that state, for the purpose of suing and being sued in the federal courts. Even if the affirmative of that proposition could be maintained, there would still be a want of jurisdiction in this case, as the amount in controversy is not sufficient, and on that ground this case must be dismissed, and the costs paid by defendant refunded to him.